

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

August 3, 1995

Mr. Barry Williamson
Chair
Railroad Commission of Texas
P.O. Box 12967
Austin, Texas 78711-2967

Opinion No. DM-360

Re: Whether the Texas Railroad Commission is required to pay certain fees requested by county clerks (RQ-701)

Dear Mr. Williamson:

You ask whether the Texas Railroad Commission (the "commission") is required to pay certain fees when filing notices required by section 89.043(e) of the Natural Resources Code. Section 89.043 provides for the plugging of wells by the commission. Subsection (e) requires the commission to

> file for record a copy of the notice in the office of the county clerk of the county in which the well is located. The copy of the notice filed in the office of the county clerk must contain [certain information about] the land on which the well is located. *The clerk shall record the notice in the real property records of the county.* The commission shall furnish a copy of the notice to a holder of a lien on the well or a nonoperator on that person's request.[1]

Nat. Res. Code § 89.043(e) (emphasis added) (footnote added). You state that county clerks have rejected filings under this provision for lack of fees. You suggest that county clerks have asked the commission to submit to fees provided by sections 118.011(a)(2) and (b)(2), 118.013, 118.0216, and 291.007(d)[2] of the Local Government Code.

Local Government Code sections 118.011(a)(2) and 118.013(a) provide for a real property records filing fee "for filing and recording, including indexing, in the real property records in the office of the county clerk a document that is authorized or required to be filed in those records." Local Gov't Code § 118.013(a). Local Government Code sections 118.011(b)(2) and 118.0216 provide for a records management and preservation

---

[1]The Seventy-fourth Legislature amended subsection (e) by adding the following language, effective August 28, 1995: "The commission shall not be charged a fee for the filing or recording of the notice." *See* H.B. 9039, Act of May 27, 1995, 74th Leg., R.S. ch. 928, § 1, *available in* Westlaw, Tx-Legis 928 (1995) (copies available at House Document Distribution Office) (to be codified as Nat. Res. Code § 89.043(e)). This opinion does not consider the effect of that amendment.

[2]As of September 1, 1995, section 291.007 will be renumbered as section 291.008. *See* S.B. 959, Act of April 25, 1995, 74th Leg., R.S., ch. 76, § 17.01, *available in* Westlaw, Tx-Legis 76 (1995) (copies available at Senate Bill Distribution Office).

fee "for the records management and preservation services performed by the county clerk after the filing and recording of a document in the records of the office of the clerk." Local Gov't Code § 118.0216. Local Government Code section 291.007, which was added in 1993, see Act of May 22, 1993, 73d Leg., R.S., ch. 818, § 2, 1993 Tex. Sess. Law Serv. 3261, 3262, authorizes a commissioners court to impose a security fee to be charged at the time of filing civil cases and other documents.

Section 154.004(b) of the Local Government Code provides as follows: "If a county officer is paid an annual salary, the state or any county may not pay a fee or commission to the officer for the performance of a service by the officer." You suggest that section 154.004(b) precludes the State from paying the foregoing fees.[3] For the following reasons, we disagree.

First, section 154.004(b) is inapplicable with respect to the real property records filing fee and the records management and preservation fee set forth under section 118.011 of the Local Government Code. Section 118.011 of the Local Government Code, the county clerk fee schedule, was recodified in 1987. See Act of April 30, 1987, 70th Leg., R.S., ch. 149, § 1, 1987 Tex. Gen. Laws 707, 862. It now provides that "[a] county clerk *shall* collect the following fees for services rendered to *any person*." (Emphasis added.) The statutory predecessor to section 118.011, now-repealed article 3930, V.T.C.S., provided that "[c]ounty clerks and county recorders are hereby authorized and required to collect the following fees for services rendered by them to all persons, firms, corporations, legal entities, *governmental agencies and/or governmental representatives*." (Emphasis added.) The revisor's note following section 118.011 states as follows:

> The revised law substitutes "any person" for the list of legal entities in V.A.C.S. Article 3930 because the Code Construction Act (Chapter 311, Government Code) defines "person" to include any legal entity.

In recodifying article 3930 in the Local Government Code, the legislature did not intend to make any substantive change in the law. See Act of April 30, 1987, 70th Leg., R.S., ch. 149, § 51, 1987 Tex. Gen. Laws 707, 1308. Thus, section 118.011, considered alone, clearly requires county clerks to collect fees from the State.

On their face, section 118.011, which requires county clerks to collect certain fees from the State, and section 154.004(b), which precludes the State from paying fees to a county clerk who receives a salary, conflict. We note, however, that in 1967, the Sixtieth Legislature passed House Bill 80, amending the statutory predecessor to section 118.011,

---

[3]You rely upon Attorney General Opinion JM-779 (1987) which considers whether a district attorney is required to pay a fee to the county clerk for recording abstracts of judgment under section 51.318 of the Government Code. Section 51.318 of the Government Code, however, pertains to fees charged by district clerks.

now-repealed article 3930, V.T.C.S., and clarifying that that provision repealed certain other statutory provisions relating to certain fees for county clerks. *See* Act of May 25, 1967, 60th Leg., R.S., ch. 681, 1967 Tex. Gen. Laws 1790. One of the provisions affected by House Bill 80 was now-repealed article 3912e, V.T.C.S., the statutory predecessor to section 154.004(b). *See id.* § 2, at 1790-91.

House Bill 80 provided in pertinent part that "the fees provided for County Clerks in all other laws, or parts of laws, in conflict with the provisions of this Act are hereby repealed as to County Clerks only, including but not limited to ... Article 3912e, Vernon's Texas Civil Statutes." *Id.* As this office recognized shortly after House Bill 80 was enacted, "Prior to the enactment of House Bill 80, no fees were required to be paid by the State of Texas. [V.T.C.S. art. 3912e, §§ 1, 3]. House Bill 80 now requires fees to be paid by the State." Attorney General Opinion M-134 (1967) at 2; *see also* Attorney General Opinion M-168 (1967) (noting that House Bill 80 did not repeal sections 1 and 3 of article 3912e insofar as it applied to fees under Probate Code or Code of Criminal Procedure). Thus, the State must pay all fees set forth in section 118.011, including the real property records filing fee and the records management and preservation fee.

The section 291.007 security fee is not mentioned in the section 118.011 fee schedule and must be analyzed separately. As noted above, subsection (a) of Local Government Code section 291.007 authorizes a commissioners court to impose a security fee to be charged at the time of filing in civil cases. Subsection (d) provides that if the commissioners court of a county sets a security fee in civil cases, the county and district clerks shall collect a fee of one dollar for filing any document not subject to the security fee. The fees and costs collected under these provisions must be deposited in the courthouse security fund by the county treasurer. Local Gov't Code § 291.007(e). "The fund may be used only to finance the following items when used for the purpose of providing security services for buildings housing a district or county court," including, for example, metal detectors, surveillance equipment, and security personnel. Code Crim. Proc. art. 102.017(c), *added by* Act of May 22, 1993, 73d Leg., R.S., ch. 818, § 1, 1993 Tex. Sess. Law Serv. 3261, 3262.[4] *See generally* Attorney General Opinion DM-283 (1994) (construing Local Gov't Code § 291.007).

We believe that the State is not precluded by section 154.004(b) from paying the section 291.007 security fee for the following reasons. Subsection (a) provides that the security fee "shall be taxed as other costs. The county is not liable for the costs." Subsection (b) provides that in a civil case brought by the State or political subdivision in which the State or political subdivision is the prevailing party, the security fee under subsection (a) "shall be taxed and collected as a cost of court against each nonprevailing party." Section 291.007 exempts the local county, but not the State or other political

---

[4]Article 102.017 will be renumbered as article 102.018 as of September 1, 1995, *see* S.B. 959, Act of April 25, 1995, 74th Leg., ch. 76, § 17.01, and amended to apply to municipal courts effective August 28, 1995, *see* S.B. 349, Act of May 27, 1995, 74th Leg., R.S., ch. 764, § 2, *available in* Westlaw, Tx-Legis data base (copies available at Senate Bill Distribution Office).

subdivisions, from paying the subsection (d) security fee. This omission contrasts with the special provision made for fees paid by the State and political subdivisions in subsection (b), and leads us to conclude that the legislature intended for the State and political subdivisions, other than the local county, to pay the subsection (d) fee.[5] To the extent that section 291.007(d) and section 154.004(b) conflict, section 291.007(d), which is both more recent and more specific than section 154.004(b), must prevail. *See* Gov't Code §§ 311.025(a), .026(b). Therefore, section 154.004(b) of the Local Government Code does not preclude the commission from paying the subsection (d) fee.[6]

## S U M M A R Y

Local Government Code section 154.004(b) does not preclude the Texas Railroad Commission from paying a real property records filing fee pursuant to Local Government Code sections 118.011(a)(2) and 118.013(a), a records management and preservation fee pursuant to Local Government Code sections 118.011(b)(2) and 118.0216, or a courthouse security fee under Local Government Code section 291.007(d) when filing notices required by section 89.043(e) of the Natural Resources Code.

Yours very truly,

DAN MORALES
Attorney General of Texas

---

[5]One might suggest that no reference is made to the State and political subdivisions with respect to the subsection (d) fee because the legislature assumed that they would be precluded from paying the fee under section 154.004(b). This argument is not convincing, however, because section 154.004(b) only precludes the State and counties from paying fees. It does not preclude the host of other types of political subdivisions from paying fees.

[6]You ask whether the commission is precluded from paying certain filing fees in a nonlitigation context. We do not address other fees nor do we address how or when these particular filing fees must be paid. Furthermore, we do not consider the payment of filing fees in litigation. *Cf.* Local Gov't Code § 154.004(d)(2) (section 154.004(b) does not affect "the payment of costs in a civil case or eminent domain proceeding by the state"); Civ. Prac. & Rem. Code §§ 6.001 (the state may not be required to file a bond for court costs), 8.02 ("If the state prevails in a lawsuit, the opposing party shall pay the entire amount of any filing fee attributable to the state"); Attorney General Opinion MW-447A (1982) ("the state is not required to pay filing fees for the filing of a case, pay fees for service of citation, or give any other security for costs . . . although the state will ultimately be liable for costs should it be the losing party.").

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General